IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Judith Cartrette,

        Plaintiff,

v.

Time Warner Cable, Inc.,

        Defendant.

Civil Action No.: 5:14-cv-143

**COMPLAINT**
**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, Judith Cartrette, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Judith Cartrette ("Plaintiff"), is an adult individual residing in Fuquay, North Carolina, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Time Warner Cable, Inc. ("TWC"), is a New York business entity with an address of 60 Columbus Circle, New York, New York 10023, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

6. Beginning in October of 2013, TWC called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

7. The debt was disputed, as they were trying to charge an installation fee which had been verbally waived, and which the representatives agreed should not have been charged.

8. When Plaintiff answered the calls from TWC, she heard a prerecorded message directing Plaintiff to wait on the line to be connected to the next available customer service representative.

9. During a live conversation on or around January 14, 2014, Plaintiff advised TWC that the calls were annoying and she did not want to be called by TWC, and instructed TWC to cease all calls to her cellular telephone.

10. In response to Plaintiff's request to cease calling, TWC stated that it had no ability to stop the calls since they were programmed at another location.

11. Thereafter, despite being instructed to stop the calls, TWC continued to place calls to Plaintiff on her cellular telephone.

12. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions.

13. TWC originally had Plaintiff's express consent to call her at her cellular telephone; however Plaintiff informed TWC that she did not wish to be called during the aforementioned conversation. Accordingly, TWC no longer had consent to call Plaintiff at her cellular phone using an automated telephone dialer system.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Without prior consent/having revoked consent, TWC contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. TWC continued to place automated calls to Plaintiff's cellular telephone using prerecorded voice, knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by TWC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from TWC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 10, 2014

Respectfully submitted,

By:    /s/ Ruth M. Allen

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424